

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00729-CR

Osborne Joseph **HARVEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR11668
Honorable Raymond Angelini, Judge Presiding[1]

PER CURIAM

Sitting:      Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  January 10, 2018

APPEAL DISMISSED

Pursuant to a plea agreement with the State, appellant Osborne Joseph Harvey pled nolo contendere to the offense of aggravated sexual assault of a child.  The trial court imposed sentence in accordance with the plea agreement and signed a certificate stating this "[is] a plea-bargain case, and the defendant has NO right of appeal."  *See* TEX. R. APP. P. 25.2(a)(2).  Harvey timely filed a

---

[1] The Honorable Joey Contreras is the judge of the 187th District Court, Bexar County, Texas.  The Honorable Raymond Angelini, retired, was sitting by assignment.

notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and written plea bargain agreement, has also been filed. *See id.* R. 25.2(d).

The clerk's record establishes the punishment assessed by the court in this case does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The clerk's record also establishes the trial court did not give Harvey permission to appeal. After reviewing the clerk's record, we hold the trial court's certification accurately reflects that this is a plea bargain case and Harvey does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

On December 1, 2017, we gave Harvey notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal was made part of the appellate record by January 2, 2018. *See id.* R. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Neither an amended certification nor other response has been filed. We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH